## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:16-cv-00190-WOB-JGW |
| v. | ) | |
| | ) | |
| CITY OF FLORENCE, KENTUCKY, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT DECREE

## I.      INTRODUCTION

1.      This matter comes before this Court for entry of this Consent Decree ("Decree") with the consent of the Plaintiff, United States of America ("United States"), and the Defendant, City of Florence, Kentucky ("Florence") (collectively, the "Parties"), to settle all claims in the above-captioned case.

2.      The United States filed this action against Florence to enforce Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII of the CRA") and Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111-12117 ("Title I of the ADA"), after receiving timely charges of discrimination that Lyndi Trischler and Samantha Riley, Florence Police Department employees, filed with the Equal Employment Opportunity Commission ("EEOC").

3.      In its Complaint, the United States alleges that Florence engaged in a pattern or practice of discrimination against women based on sex (pregnancy) by adopting and

implementing a discriminatory light duty policy on April 19, 2013 that fails to treat women affected by pregnancy, childbirth, or related medical conditions the same as other persons not so affected but similar in their ability or inability to work, in violation of 42 U.S.C. §§ 2000e-6 and 2000e(k).  The United States also alleges that Florence discriminated against Ms. Trischler and Ms. Riley, and any others similarly situated, because of sex (pregnancy), by denying them light duty accommodations for their pregnancies, childbirths, and related medical conditions in violation of 42 U.S.C. §§ 2000e-2(a) and 2000e(k).

4.     The United States further alleges that Florence discriminated against Ms. Trischler, who was an otherwise qualified individual with a disability, and any others similarly situated, for their known disabilities, by (a) failing to provide reasonable accommodations, where such accommodations were available and did not pose an undue hardship, in violation of 42 U.S.C. §§ 12112(a) and (b) and 29 C.F.R. §§ 1630.2(o) and 1630.9; (b) using qualification standards or selection criteria that screened out or tended to screen out individuals with disabilities in violation of 42 U.S.C. § 12112(b)(6) and 29 C.F.R. § 1630.10; (c) limiting, segregating, or classifying employees in a way that adversely affects the opportunities or status of such employees because of the disabilities of such employees in violation of  42 U.S.C. § 12112(b)(1); and (d) co-mingling employee medical records in personnel files in violation of 42 U.S.C. §§ 12112(a), 12112(d)(3)(B)-(C), and (d)(4)(C) and 29 C.F.R. § 1630.14(b)-(d).

5.     The Parties have agreed that this action shall be resolved through entry of this Decree.  The Parties agree that this Court has jurisdiction over the Parties and the subject matter of this action.  For purposes of this Decree, and subject to its approval and entry by the Court, the Parties agree to the entry of this Decree as final and binding between themselves as to all issues

raised in the United States' Complaint.

## II.     FINDINGS

6.     Having examined the provisions of this Decree and the United States' Complaint, the Court finds the following:

(a)     This Court has jurisdiction over the Parties and the subject matter of this action under 42 U.S.C. §§ 2000e-5(f) and 2000e-6(b), and 28 U.S.C. §§ 1331, 1343(a), and 1345.

(b)     Venue is appropriate in this judicial district under 42 U.S.C. §§ 2000e-5(f) and 2000e-6(b), and 28 U.S.C. § 1391.

(c)     The United States has authority to initiate legal proceedings against Florence to enforce Title VII of the CRA and Title I of the ADA through litigation under 42 U.S.C. §§ 2000e-5(f), 2000e-6(a), and 42 U.S.C. § 12117(a).

 Accordingly, the Parties hereby AGREE and the Court expressly APPROVES, ENTERS, AND ORDERS THE FOLLOWING:

## III.    GENERAL INJUNCTIVE RELIEF

7.     Florence, by and through its officials, agents, employees, and all persons in active concert or participation with Florence in the performance of employment or personnel functions, shall not engage in any act or practice that discriminates against any applicant for employment or employee on the basis of sex and/or disability in violation of Title VII of the CRA and/or Title I of the ADA.

8.     Florence shall not retaliate against any individual because such individual has opposed any act or practice made unlawful by Title VII of the CRA or Title I of the ADA or

because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII of the CRA or Title I of the ADA. Likewise, Florence shall not retaliate against or coerce any individual who tries to exercise his or her rights under this Decree or engages in protected activity under Title VII of the CRA or Title I of the ADA.

9.     Florence shall immediately rescind all policies and practices that do not comply with Title VII of the CRA and Title I of the ADA, including its light duty policy of April 19, 2013, its "no-restrictions policy" of April 19, 2013, and its practice of co-mingling employee medical records in personnel files.

## IV.    POLICIES AND PROCEDURES

10.     Within thirty (30) days from the effective date of this Decree, Florence shall draft the following written policies and procedures ("Policies"), subject to the United States' approval:

(a)     an accommodation policy for applicants and employees affected by pregnancy, childbirth, and related medical conditions, specifying that light duty can be such an accommodation.  The policy should ensure that women affected by pregnancy, childbirth, and related medical conditions have equal access to such accommodations as persons with disabilities, on-the-job injuries, and other persons who are similar in their ability or inability to work;

(b)     a reasonable accommodation policy for applicants and employees with disabilities, including pregnancy-related disabilities, specifying that light duty can be a reasonable accommodation;

4

(c)      a policy that ensures the proper collection and maintenance of employee medical records;

(d)      a policy that establishes an effective process for receiving and responding to employees' accommodation requests, including light duty; and

(e)      a policy that establishes an effective process for receiving and responding to employees' complaints of discrimination.

The Policies set forth above shall comply with Title VII of the CRA and Title I of the ADA, and be consistent with the EEOC's Enforcement Guidance on Pregnancy Discrimination and Related Issues (http://www.eeoc.gov/laws/guidance/pregnancy_guidance.cfm), Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act (http://www.eeoc.gov/policy/docs/accommodation.html), and Disability-Related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (ADA) (http://www.eeoc.gov/policy/docs/guidance-inquiries.html).

11.      Within thirty (30) days from the effective date of this Decree, Florence shall send copies of the proposed Policies to the United States for review and approval.

12.      The United States shall notify Florence in writing whether it approves or disapproves of Florence's proposed Policies.  If the United States disapproves of Florence's proposed Policies, the United States may suggest alternative language or other changes to the Policies.  Failure of the United States to provide alternative language or changes to the proposed Policies as set forth in this paragraph does not relieve Florence from the responsibility to draft and implement employment policies and procedures that comply with Title VII of the CRA, Title I of the ADA, and this Decree.   The Parties shall attempt in good faith to resolve any

5

disagreements about the proposed Policies.  If the Parties cannot agree on Florence's proposed Policies, either Party may use the dispute resolution procedures set forth in Paragraphs 36-37 to obtain a judicial resolution of the issue.

13.     Within thirty (30) days from the date that the United States approves the Policies set forth in Paragraph 10, Florence shall implement the Policies.  To implement the Policies, Florence shall: (a) integrate the Policies in its city handbook and other policy manuals; (b) make the Policies publically available on Florence's website; (c) distribute the Policies to each of its current supervisors, administrators, officers, and employees; and (d) obtain a signed acknowledgement that each supervisor, administrator, officer, and employee has read and understood the Policies.  The signed acknowledgments shall be placed in each person's personnel file and retained for the term of this Decree.

14.     Within ten (10) days from the date that Florence implements the Policies set forth in Paragraph 10, Florence shall provide the United States with a copy of the final Policies implemented by the city and written confirmation that the Policies have been implemented in the manner prescribed in Paragraph 13.

## V.     EQUAL EMPLOYMENT OPPORTUNITY OFFICER

15.     Within fifteen (15) days from the effective date of this Decree, Florence shall designate an employee to serve as its Equal Employment Opportunity ("EEO") Officer who will be responsible for investigating and responding to all complaints of discrimination that applicants and employees make in accordance with the policy set forth in Paragraph 10(e) and addressing other EEO-related issues.  The designated employee shall be responsible for implementing the requirements of this Decree and shall serve as the primary contact person for

any compliance matters related to the Decree.  The designated employee shall be knowledgeable about Title VII of the CRA and Title I of the ADA and shall receive professional training on equal employment opportunity requirements prior to serving as the EEO Officer.

16.     Within fifteen (15) days from the effective date of this Decree, Florence shall identify the employee designated as the EEO Officer and provide a copy of the individual's curriculum vitae and a description of his or her relevant training and experience to the United States for approval.   If the United States determines that the designated employee needs additional training to fulfill his or her responsibilities as EEO Officer, the United States may require Florence to provide the individual additional training with a training provider selected by the United States at Florence's expense.

## VI.    TRAINING

17.     Within ninety (90) days from the date Florence implements the Policies set forth in Paragraph 10, Florence shall provide two hours of mandatory training on pregnancy and disability discrimination to the EEO Officer and to all Florence supervisors, administrators, officers, and employees who participate in making personnel decisions related to light duty and other accommodation requests.  This training shall comply with Title VII of the CRA and Title I of the ADA.  The training shall be conducted live and shall include, at minimum, a discussion of: (a) the prohibition against employment discrimination based on sex and pregnancy in Title VII of the CRA; (b) the nondiscrimination requirements of Title I of the ADA; (c) Florence's procedures for determining whether an applicant or employee affected by pregnancy, childbirth, or related medical conditions, or an applicant or employee with a disability, should be granted light duty or another accommodation; and (d) Florence's procedures for receiving and

7

responding to discrimination complaints.  Florence shall provide this training on an annual basis to each of the persons referenced in this Paragraph during the term of this Decree.

18.     Florence shall select a qualified individual or group of individuals to conduct the training described in Paragraph 17.  At least sixty (60) days before the date that Florence intends to conduct the training described in Paragraph 17, Florence shall submit to the United States for review and approval: (a) the name(s) and curriculum vitae of the instructor(s) that Florence has selected for training; (b) copies of the proposed training curriculum; and (c) a list of all persons, by name and job title, who will be required to attend the training.

19.     The United States shall notify Florence in writing whether it approves or disapproves of Florence's proposed instructor(s) and training curriculum.  The United States may suggest changes to the proposed instructor(s) and training curriculum.  The Parties shall attempt in good faith to resolve any disagreements about the training.  If the Parties cannot agree on the proposed instructor(s) and training curriculum, either Party may use the dispute resolution procedures set forth in Paragraphs 36-37 to obtain a judicial resolution of the issue.

20.     Within thirty (30) days from the date that the United States approves the training curriculum and instructor(s) described Paragraphs 17 and 18, Florence shall conduct the training. Florence shall maintain attendance logs for all persons who attend the training.

21.     Florence shall also provide the training described in Paragraph 17 to all new employees hired or promoted after the initial training who will participate in making personnel decisions related to light duty and other accommodation requests.  The training shall be provided to these employees within thirty (30) days of the start of their position, and on an annual basis

thereafter for the term of this Decree.  Florence shall maintain attendance logs for all newly hired or promoted employees who attend the training.

22.     Within ten (10) days from the date that Florence conducts the training described in Paragraph 17, Florence shall provide the United States a copy of the final training curriculum and a list of all persons (by name and job title) who attended the training.

**VII.    INDIVIDUAL REMEDIAL RELIEF**

23.     Within thirty (30) days of the effective date of this Decree, Florence shall offer to pay Ms. Trischler and Ms. Riley, a total monetary award of one hundred thirty-five thousand dollars ($135,000.00), designated as compensatory damages and attorneys' fees.  Such monetary award shall be divided as follows: $105,000 to Ms. Trischler (from which, pursuant to agreement with her counsel, attorneys' fees shall be paid in the manner set forth in the release attached as Exhibit 1), and $30,000 to Ms. Riley.   These amounts are not subject to wage withholding deductions, and Florence shall issue IRS Form 1099s to Ms. Trischler, Ms. Riley, A Better Balance, and Outten & Golden LLP in the amounts specified in Exhibit 1.

24.     Within thirty (30) days of the effective date of this Decree, Florence shall reinstate all paid leave Ms. Trischler used as a result of the April 19, 2013 policy.  The number of hours of paid leave that shall be reinstated is 49.08 vacation hours and 26.75 sick hours.  Ms. Trischler must use her 49.08 vacation hours by December 31, 2017.

25.     Within thirty (30) days of the effective date of this Decree, Florence shall reinstate all paid leave Ms. Riley used as a result of the April 19, 2013 policy.  The number of hours of paid leave that shall be reinstated is 125.26 vacation hours and 295.91 sick hours.  Ms. Riley must use her 125.26 vacation hours by December 31, 2017.

26.    Within thirty (30) days of the effective date of this Decree, Florence shall notify Ms. Trischler and Ms. Riley of the individual relief offered to them under this Decree by mailing them, by certified mail, return receipt requested, a Notice Letter and Release of Claims Form (attached as Exhibits 1 and 2 respectively), and a copy of this signed Decree.  In order to accept the relief offered by Florence, Ms. Trischler and Ms. Riley must execute the Release of Claims Forms (Exhibit 2) and return the forms to Florence, by certified mail, return receipt requested, within thirty (30) days of receiving the Notice Letter (Exhibit 1).

27.    Florence shall send the United States a copy of the Notice Letters and Release of Claims Forms at the same time that they are sent to Ms. Trischler and Ms. Riley.

28.    Upon Ms. Trischler's and/or Ms. Riley's acceptance of Florence's remedial relief offers set forth in Paragraphs 23-25 above, Florence shall pay the monetary sums specified to Ms. Trischler and Ms. Riley by certified bank check or direct deposit, within fifteen (15) days of receipt of each individual's signed Release of Claims Form.

29.    Within fifteen (15) days of paying the monetary sums set forth in Paragraphs 23-25 to Ms. Trischler and Ms. Riley, Florence shall send the United States proof of payment and a copy of each individual's signed Release of Claims Form.

## VIII.   RECORD KEEPING & REPORTING REQUIREMENTS

30.    Within fifteen (15) days from the effective date of this Decree, Florence shall keep records on all accommodation requests, including light duty, made by applicants and employees.  At minimum, these records shall include the applicant's or employee's: (a) full name; (b) job title; (c) reason for and nature of the request; (d) nature of work limitations; (e) type of accommodation request; and (f) Florence's response to the accommodation request.  For

all applicants or employees granted light duty or other accommodations, Florence shall also keep records on the individual's light duty assignment or other accommodation, location of the assignment (if reassigned), and duration of the accommodation.

31. For the term of this Decree, Florence shall retain all records and documents, including electronic mail, text messages, and any other electronic messaging, relating to (a) the procedures, terms, and implementation of the Policies set forth in Paragraph 10; (b) any changes to the Policies set forth in Paragraph 10, including any changes to their interpretation or implementation; (c) the training curriculum and attendance logs for all trainings set forth in Paragraphs 17-22; (d) the light duty and accommodation records set forth in Paragraph 30; and (e) all lawsuits, written complaints, charges of discrimination, or grievances that any applicants or employees file against Florence alleging pregnancy or disability discrimination.

32. During the term of this Decree, Florence shall notify the United States in writing of all light duty and other accommodation requests that it receives from applicants or employees seeking accommodations for pregnancy, childbirth, or related medical conditions within seven (7) days of responding to any such request. The written notice shall contain a detailed explanation of how Florence responded to the request, including all actions taken to accommodate the requesting applicant or employee and, if any request was denied, Florence's reasons for the denial. Upon receipt of such written notice from Florence, the United States may request additional information or documentation necessary to evaluate whether Florence has complied with Title VII of the CRA, Title I of the ADA, or this Decree.

33. Six (6) months after the effective date of this Decree, and every six (6) months thereafter during the term of this Decree, Florence shall provide a written report ("Report") to the

United States regarding its efforts to comply with this Decree.  The Report shall include, for the preceding six-month period:

> (a)    A specific acknowledgment that Florence has, for the instant reporting period, complied with the requirements specified in Paragraphs 10-22;

> (b)    All copies of the attendance logs maintained for the trainings described in Paragraphs 20-21;

> (c)    Notification regarding: i) any light duty or accommodation request from an applicant or employee and Florence's response to each request; and ii) any lawsuit, written complaint, charge, or grievance alleging that Florence violated Title VII of the CRA or Title I of the ADA.  Such notice will include, at a minimum: i) a description of the nature of the request or allegation; ii) the name of all persons involved, including the individual making the request or allegation; and iii) all documentation possessed by Florence relevant to the request or allegation, including Florence's response.

34.    The first Report filed with the United States under this Decree shall include all information, and all notifications, described in Paragraph 33.  All subsequent Reports shall include all information described in Paragraphs 33(a)-(b), any notifications described in Paragraph 33(c) made subsequent to the immediately previous Report, and all notifications described in Paragraph 33(c) reported in previous Reports that are still pending.

## IX.    DISPUTE RESOLUTION AND ENFORCEMENT

35.    Without further order of the Court, the United States may review compliance with this Decree at any time and shall have the right to inspect and copy any documents that are

relevant and necessary to monitor Florence's compliance with this Decree, including but not limited to all documents and records specified in the above Paragraphs.  Unless otherwise specified in this Decree, Florence shall produce any requested documents or make them available for inspection and copying within thirty (30) days of a written request by the United States.

36.     The Parties shall attempt to resolve any disputes concerning compliance with this Decree prior to seeking a resolution from the Court.

37.     If a dispute cannot be resolved informally, the Parties shall give each other at least thirty (30) days written notice of any dispute or breach of this Decree before moving for review by the Court.

## X.     COSTS

38.     The Parties shall bear their own costs, expenses, and attorneys' fees in this action, including the costs of compliance and monitoring.  Florence shall pay attorneys' fees as specified in Paragraph 23 and Exhibit 1.

## XI.     ADDITIONAL PROVISIONS

39.     This Decree shall be binding upon Florence, its agents, and employees.

40.     A signatory to this document in a representative capacity for Florence represents that he or she is authorized to bind Florence to this Decree.

41.     This Decree is not intended to remedy any other potential violations of Title VII of the CRA, Title I of the ADA, or any other law that is not specifically addressed in this Decree.

42.     This Decree does not affect Florence's continuing responsibility to comply with all aspects of Title VII of the CRA and Title I of the ADA.

43.     Failure by the United States to enforce any provision of this Decree shall not be

13

construed as a waiver of the United States' right to enforce any provisions of this Decree.

44.     A copy of this Decree or any information contained herein may be made available to any person, and Florence shall provide a copy of this Decree to any person upon request.

45.     The time frame for completion of any act required by this Decree may be modified with the mutual written consent of the Parties.  Any extension of the termination date of this Decree shall require Court approval.

## XII.   SCOPE OF THE DECREE

46.     This Decree constitutes the entire agreement between the United States and Florence on the matters raised herein and no other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this written Decree, including its attachments, shall be enforceable.

47.     If any provision of this Decree is determined to be unenforceable, only the specific provision in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

## XIII.  EFFECTIVE DATE, DURATION, AND RETENTION OF JURISDICTION

48.     The effective date of this Decree shall be the date that the Court approves and enters the Decree as a final order of the Court.

49.     During the term of this Decree, this Court shall retain jurisdiction over this action to enforce the terms of the Decree, including resolving any disputes, issuing any orders necessary to implement the relief provided for in this Decree, or extending the term of the Decree if Florence fails to comply with the provisions herein.

50.     This Decree shall terminate, and this action shall be dismissed without further

order of this Court, three (3) years from the effective date of this Decree.

## XIV. COMMUNICATIONS

51.  All documents required to be delivered to the United States under this Decree

shall be sent via electronic mail or overnight courier service to:

> Catherine Sellers
> United States Department of Justice
> Civil Rights Division
> Employment Litigation Section
> 601 D Street, NW, PHB, Room 4924
> Washington, D.C. 20579
> Email: Catherine.sellers@usdoj.gov

> Elaine Grant
> United States Department of Justice
> Civil Rights Division
> Disability Rights Section
> 1425 New York Ave., NW, Room 4006
> Washington, D.C. 20005
> Email: Elaine.Grant@usdoj.gov

**SO ORDERED** this _____ day of _____, 2016.

_____
District Judge
Eastern District of Kentucky

AGREED AND CONSENTED TO:

_____
Jeffrey C. Mando
Adams, Stepner, Woltermann & Dusing,

Vanita Gupta
Principal Deputy Assistant Attorney General
Justin Levitt
Deputy Assistant Attorney General
Civil Rights Division

_____
Delora L. Kennebrew, Chief
Sharyn Tejani, Deputy Chief

15

PLLC
40 W. Pike St.
P.O. Box 861
Covington, KY 41012-861

October 21, 2016
Date

Catherine Sellers, Senior Trial Attorney
Employment Litigation Section

Rebecca B. Bond, Chief
Kevin J. Kijewski, Deputy Chief
Elaine Grant, Senior Trial Attorney
Disability Rights Section

Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

October 26, 2016
Date

16

**Exhibit 1**

**BY OVERNIGHT MAIL**

[Name]
[Address]

Re:   United States v. City of Florence, KY
      Civil Action No. [   ]
      EEOC Charge 473-2014-01077

Dear Ms. Trischler:

The United States Department of Justice and the City of Florence, Kentucky ("City") have entered into a Consent Decree to resolve the charge you filed in this matter.  A copy of the Consent Decree is enclosed.

Under the Consent Decree, the City is offering you a payment of $105,000, divided as follows: $85,000 to you and $20,000 to your attorneys.  In order to accept the City's offer, you must sign and notarize the enclosed Release of Claims Form and return it to the City within thirty (30) days of your receipt of this letter.  You may return the forms by certified mail, return receipt requested, to:

Jeffrey C. Mando
Adams, Stepner, Woltermann & Dusing, PLLC
40 W. Pike St.
P.O. Box 861
Covington, KY 41012-861
(859) 394-6200

The remedial relief is offered to you on the following condition: if you accept it, you will be required to release the City from all claims you may have against it, arising out of EEOC Charge # 473-2014-01077 and Civil Action No. [   ] filed in the Federal District Court for the Eastern District of Kentucky.  Within fifteen (15) days of the City's receipt of your executed Release of Claims Form, the City will forward you three checks in the following amounts: $85,000, payable to you; $15,000, payable to A Better Balance; and $5,000, payable to Outten & Golden LLP.

If you have any questions concerning this letter or the Consent Decree, you may contact me at (859) 394-6200 or you may contact Department of Justice attorney Catherine Sellers (202-307-6491) or Department of Justice attorney Elaine Grant (202-305-8686).

Sincerely,


Jeffrey C. Mando
Adams, Stepner, Woltermann & Dusing, PLLC
Legal Counsel, City of Florence



Enclosure:     Copy of Executed Consent Decree
               Release of Claims Form

cc:     Catherine Sellers, U.S. Department of Justice
        Elaine Grant, U.S. Department of Justice

18

**BY OVERNIGHT MAIL**

[Name]
[Address]

Re:     United States v. City of Florence, KY
        Civil Action No. [  ]
        EEOC Charge No. 473-2015-00254

Dear Ms. Riley:

The United States Department of Justice and the City of Florence, Kentucky ("City") have entered into a Consent Decree to resolve the charge you filed in this matter.  A copy of the Consent Decree is enclosed.

Under the Consent Decree, the City is offering you a payment of $30,000.  In order to accept the City's offer, you must sign and notarize the enclosed Release of Claims Form and return it to the City within thirty (30) days of your receipt of this letter.  You may return the forms by certified mail, return receipt requested, to:

Jeffrey C. Mando
Adams, Stepner, Woltermann & Dusing, PLLC
40 W. Pike St.
P.O. Box 861
Covington, KY 41012-861
(859) 394-6200

The remedial relief is offered to you on the following condition: if you accept it, you will be required to release the City from all claims you may have against it, arising out of EEOC Charge No. 473-2015-00254 and Civil Action No. [   ] filed in the Federal District Court for the Eastern District of Kentucky.  Within fifteen (15) days of the City's receipt of your executed Release of Claims Form, the City will forward you a check in the amount of $30,000.

If you have any questions concerning this letter or the Consent Decree, you may contact me at (859) 394-6200 or you may contact Department of Justice attorney Catherine Sellers (202-307-6491) or Department of Justice attorney Elaine Grant (202-305-8686).

Sincerely,

Jeffrey C. Mando

19

Adams, Stepner, Woltermann & Dusing, PLLC
Legal Counsel, City of Florence


Enclosure:      Copy of Executed Consent Decree
                Release of Claims Form

cc:      Catherine Sellers, U.S. Department of Justice
         Elaine Grant, U.S. Department of Justice

**Exhibit 2**

**RELEASE OF CLAIMS FORM**

United States v. City of Florence, Kentucky
Civil Action No. [  ]
EEOC Charge No. 473-2014-01077

      For and in consideration of the remedial relief and payments made by the City of Florence, Kentucky ("City") under the provisions of the Consent Decree (with exhibits) entered into by, and between, the United States and the City, I, Lyndi Trischler, hereby release and forever discharge the City, and its current, past, and future officials, employees, and agents, of and from any and all legal and equitable claims arising out of, related to or connected with EEOC Charge No. 473-2014-01077 and Civil Action No. [  ].

      In additional consideration of the remedial relief and payments made by the City under the provisions of the Consent Decree referenced above, I, Lyndi Trischler, agree to release and hold the City harmless from any and all claims for attorney fees and costs arising out of EEOC Charge No. 473-2014-01077 and Civil Action No. [ ], and for cost or reimbursement for medical expenses from any injuries that I sustained as alleged in the EEOC Charge and/or the Civil Action.  I further warrant, represent and agree that I am not relying on the advice of the City or its legal counsel with respect to the legal, income tax or the consequences of any kind arising out of this Release, and accordingly, I hereby release and hold the City and its counsel harmless from any claim, demand, levy, co-lien or cause of action which may be asserted because the legal, income tax or other consequences of this Release are other than those I anticipated.

      This Release constitutes the entire agreement between me and the City without exception or exclusion with respect to EEOC Charge No. 473-2014-01077 and Civil Action No. [  ].  This Release will be considered null and void in the event that the City fails to offer the remedial relief and payments provided for in Paragraphs 23-24 of the Consent Decree within fifteen (15) days of receipt of this executed Release.

      I have read this Release and understand the contents thereof and I execute this Release of my own free act and deed.  I also acknowledge that a copy of the Consent Decree has been made available to me.

      Signed this _____ day of _____, 2016.


                                  _____

21

[Name]

Sworn and subscribed to before me this _____ day of _____, 2016

_____
Notary Public

My commission expires: _____

22

# RELEASE OF CLAIMS FORM

United States v. City of Florence, Kentucky
Civil Action No. [  ]
EEOC Charge No. 473-2015-00254

     For and in consideration of the remedial relief and payments made by the City of Florence, Kentucky ("City") under the provisions of the Consent Decree (with exhibits) entered into by, and between, the United States and the City, I, Samantha Riley, hereby release and forever discharge the City, and its current, past, and future officials, employees, and agents, of and from any and all legal and equitable claims arising out of, related to or connected with EEOC Charge No. 473-2015-00254 and Civil Action No. [  ].

     In additional consideration of the remedial relief and payments made by the City under the provisions of the Consent Decree referenced above, I, Samantha Riley, agree to release and hold the City harmless from any and all claims for attorney fees and costs arising out of EEOC Charge No. 473-2015-00254 and Civil Action No. [ ], and for cost or reimbursement for medical expenses from any injuries that I sustained as alleged in the EEOC Charge and/or the Civil Action.  I further warrant, represent and agree that I am not relying on the advice of the City or its legal counsel with respect to the legal, income tax or the consequences of any kind arising out of this Release, and accordingly, I hereby release and hold the City and its counsel harmless from any claim, demand, levy, co-lien or cause of action which may be asserted because the legal, income tax or other consequences of this Release are other than those I anticipated.

     This Release constitutes the entire agreement between me and the City without exception or exclusion with respect to EEOC Charge No. 473-2015-00254 and Civil Action No. [ ].  This Release will be considered null and void in the event that the City fails to offer the remedial relief and payments provided for in Paragraphs 23 and 25 of the Consent Decree within fifteen (15) days of receipt of this executed Release.

     I have read this Release and understand the contents thereof and I execute this Release of my own free act and deed.  I also acknowledge that a copy of the Consent Decree has been made available to me.

Signed this _____ day of _____, 2016.


_____
[Name]

23

Sworn and subscribed to before me this _____ day of _____, 2016

_____
Notary Public

My commission expires: _____